AMERICAN SURETY COMPANY OF NEW YORK ET AL. *v.*
STATE EX REL. TABER.

[No. 15,235.  Filed April 20, 1936.  Rehearing denied July 2, 1936.]

*John G. Capouch* and *Earl Heffner,* for appellants.

*Robert O. Graves,* for appellee.

KIME, P. J.—This was an action brought in the name of the State of Indiana on relation of George Taber on the official bond of the appellant Primich, as Justice of the Peace, and against the surety thereon, the American

Surety Company of New York, the other appellant. The action was for the amount of fees alleged to have been earned by the appellee Taber, while serving as special constable out of the Justice of Peace court presided over by Primich. It is alleged that the relator earned these fees in some nine hundred appointments by virtue of his being appointed a special constable therein by the appellant Primich, as a Justice of the Peace, and that the said Primich, as Justice of the Peace, received all sums due in such cases and retained and converted them to his own use and did not turn over any of such sums to the appellee Taber, and that Taber was entitled to said fees in each action in which he acted as special constable. That the official bond of the Justice of the Peace was in the penal sum of $2,000.00 and that the relator sought judgment in the amount of $1,600.00, being the amount due plus interest and penalties.

The complaint was in one paragraph with the bond as an exhibit thereto and a list of cases in which it was alleged the relator had been appointed and acted as special constable and in each of which cases fees were due him. A supplemental complaint was filed wherein he alleged that he was entitled to certain fees in additional cases wherein he had also served as special constable. Both appellants answered in general denial and the surety company filed three additional paragraphs of answer, the first being that the appointment of the special constable was not, in any of the enumerated cases, based on any existing emergency but that they were wholly unauthorized, illegal and void for the reason that there was a duly qualified and acting constable ready, able and willing to act. The third paragraph alleged that the appointments were illegal because the special constable had procured such appointments by agreeing with the Justice of the Peace to pay the latter and contribute an amount of these fees for the use of the Justice of the

Peace in maintaining an office. The fourth paragraph pleaded payment. The appellant Primich's second paragraph of answer was a plea of payment, the third was by way of setoff and counterclaim, alleging that the relator induced him to maintain the Justice of the Peace court in a certain location by agreeing to contribute one-half of all fees allowed him as a special constable to the payment of rent for the court room and public utility bills and that the amount withheld by the appellant Primich was not enough to liquidate what the relator had obligated himself to pay and that the relator was indebted to Primich in the sum of some $500.00. To this particular paragraph of answer the appellee filed a demurrer, which demurrer was sustained. The appellant Primich then filed a fourth paragraph of answer joining in and adopting the third paragraph of answer of appellant surety company. Appellee then filed a general denial to the second and fourth paragraphs of answer of appellant Primich and to the second, third, and fourth paragraphs of answer of appellant surety company. On these issues the trial was had by the court who found for the appellee and against both defendants in the sum of $1,288.43 and costs and entered judgment accordingly. Separate and several motions for new trial were then filed which were overruled and this appeal was then perfected. The errors assigned here are (1) that the court erred in overruling the motion of the appellants to strike out parts of the amended complaint; (2) that the. court erred in sustaining the appellee's demurrer to the third paragraph of answer and set-off of the appellant Primich; and (3) that the court erred in overruling the motion for a new trial, the grounds thereof being that (a) the decision was not sustained by sufficient evidence, (b) that the decision was contrary to law, and (c) an error of law occurring at the trial in that the court refused permission to the appel-

lant Primich to file an amended third paragraph of affirmative answer to appellee's complaint before judgment so that the facts pleaded therein might conform to the proof.

It appears that Primich was the duly elected and qualified Justice of the Peace in Calumet Township in Lake County, Indiana, and that while there was a duly elected and qualified constable, for some reason or other (not clear from the evidence) the Justice of the Peace in some nine hundred odd cases appointed the appellee Taber to act as special constable and it was while so acting that he became entitled to these fees. The evidence clearly established that the appellee Taber served as special constable and had not been paid the sums to which he was thereby entitled. The statute provides that a Justice of the Peace shall give bond in such sum as may be required by the clerk of the circuit court and in any event·not less than $2,000.00 and the evidence disclosed that a bond in this sum was given. §5-118, Burns 1933, being §1847, Baldwin's 1934, 2 R. S. 1852, ch. 1, §8, p. 449; Acts 1861, ch. 69, §1, p. 140.

The statute further provides that whenever there shall be no constable convenient and in the opinion of the Justice an emergency exists for the immediate services of one "such justice may appoint a special constable to act in a particular cause; and shall note such appointment in such cause on the docket, and shall direct process to him by his name; and such constable, so appointed, shall discharge the duties, receive the fees, and have the powers, in such cause appertaining to the office." §5-601, Burns 1933, §1865, Baldwin's 1934, 2 R. S. 1852, ch. 1, §110, p. 449.

It appears from the evidence that in each instance the Justice of the Peace made an entry upon his records that an emergency did exist and in each case appointed the appellee Taber special constable to act in that par-

ticular case and that in each particular case the appellee Taber took the oath as required in such cases. This section of the statute further provides that special constables shall receive the fees to which a constable is entitled in such cases and the evidence is sufficient to show that he did not receive these fees. The statute further provides that "Justices shall receive all money collected on process by them issued, and all money tendered them on any judgment on their docket, or any docket in their possession and shall pay over the same, on proper demand, *to the person authorized to receive the same;* and for failure so to pay the same, he shall be liable on his official bond for such money, with interest thereon from the time of such demand, and twenty (20) per cent in damages in addition." §5-908, Burns 1933, §1928, Baldwin's 1934, 2 R. S. 1852, ch. 1, §114, p. 449. The evidence clearly shows that Primich as Justice of the Peace did receive all the money collected on processes issued from his court and that he did not pay over to the appellee Taber, after proper demand had been made, the sum to which he was entitled.

The first and second errors assigned are that the court erred in refusing to strike out the following portion of the complaint: "And that relator is further entitled to recover damages in the further sum of three hundred ($300.00) dollars, the same being the statutory amount based on 20% of the amount due in principal and interest." The last section of the statute above quoted provides that the Justice of the Peace shall be liable on his official bond for the failure to pay such money to the person authorized to receive the same from the time of such demand with 20% in damages in addition. This was a proper allegation of the complaint in view of the statute, and the court did not err in refusing to strike it out.

The court did not err in sustaining the appellee's

demurrer to the third paragraph of answer. The appellant Primich, by this paragraph of answer, attempted to say that because Taber was indebted to him personally that he should not, therefore, pay over to him the amount of the fees that he had earned while acting as special constable.

The third paragraph of answer, as aforesaid, set up the contract entered into between the Justice of the Peace and the special constable, Taber. This contract shows upon its face that it was void, unlawful and against public policy. §5-907, Burns 1933, being §1927, Baldwin's 1934, 2 R. S. 1852, ch. 1, §113, p. 449, forbids a Justice of the Peace to directly or indirectly purchase an interest in a judgment and the Acts of 1919, ch. 152, §1, p. 688, being §10-3702, Burns 1933 and §2656, Baldwin's 1934, forbids the demand or taking of a fee or part thereof by officials, consequently the court did not err in sustaining the demurrer to this paragraph of answer.

Appellants next contend that the court erred in overruling the motion for new trial but as we have heretofore indicated there was sufficient evidence to sustain the decision of the court and it was not contrary to law.

As to the remaining ground that the appellant Primich was not permitted to file an amended third paragraph of affirmative answer so that the facts pleaded might conform to the proof, appellant has not shown where he has been prejudiced by the failure of the court to allow such pleading to be filed, consequently there was no error committed in refusing it.

Finding no reversible error, the judgment of the Lake Superior Court is in all things affirmed.

Curtis, C. J., not participating.